Felix H. Mays and Wife *v.* Elisha C. Wherry.

EXECUTION SALE OF LAND. *Several parcels sold in gross. Sale void.* If two distinct tracts or parcels of land, not contiguous, nor beneficial, the one to the other, in the uses for which they are respectively adapted, be levied and sold in gross—that is, sold altogether in one sale—and purchased by the plaintiff in the execution, such sale is a fraud upon the execution debtor, and *absolutely void.*

Case cited: Winters & Cross *v.* Burford, 6 Cold., 328.

### FROM DAVIDSON.

Appeal from the Circuit Court. NATHANIEL BAXTER, Judge.

BERRY & LEA for Felix H. Mays and wife.

SMITH, BAXTER & ALLISON for E. C. Wherry.

DEADERICK, J., delivered the opinion of the Court.

Plaintiff brought ejectment in the Circuit Court of Davidson County, against defendant, for a lot in Edgefield. The facts on which the case is to be determined are as follows: Elizabeth L. Owens obtained judgments against Wherry in the Davidson Circuit Court for about $975, on which executions issued and were levied on the lot in controversy, and on seven acres of land south of Nashville, on the Murfreesboro Pike. The two parcels of land were put up together and sold in gross by the Sheriff, when plaintiffs in the judgments became the purchasers of

both lots, at $975, the amount of her executions.
After the expiration of two years the Sheriff executed
a deed to Elizabeth L. Owens, for the two parcels of
land. Plaintiffs rely upon this deed for their title to
the lot sued for, by which it appears that the title
was vested in Elizabeth L. Owens, and there is no
evidence in the record showing how the title was di-
vested out of Elizabeth L. Owens and vested in Felix
H. Mays and Elizabeth L. Mays. We may conjecture
that Felix H. Mays intermarried with Elizabeth H.
Owens, and thereby the title was vested in plaintiffs,
but we can not supply the defect in the evidence,
especially as the bill of exceptions is said to contain
all the evidence. But as no notice is taken of this
defect in the evidence in the proceedings below, we
infer that its absence from the bill of exceptions was
an inadvertence not observed by either party. The
cause was decided in favor of the defendants, upon
instructions given to the jury as to the legal effect
of a sale in gross by the Sheriff of several distinct
tracts of land, especially when purchased by the plain-
tiff in the execution. The instructions on this point
were as follows: "If two distinct tracts or parcels of
land, not contiguous nor beneficial the one to the
other, in the uses for which they were respectively
adapted, and were levied on and sold in gross, that
is, sold altogether in one sale, such sale would be a
gross fraud upon the rights of the defendants in the
execution; would be oppressive and absolutely void

especially if the plaintiff in the execution became the purchaser."

Under this instruction the jury found for defendant, and it is now insisted for plaintiffs that the construction was erroneous. It is not denied that a sale by a Sheriff of several distinct and separate parcels of land together, in one lot, for an aggregate price, would be voidable by the debtor; but it is argued that such a sale would not be absolutely void. This question was considered in the case of *Winters & Cross* v. *Burford*, 6 Cold., 328, in which the opinion of the Court was delivered by Ellett, special Judge. In that case the purchaser of several separate lots sold in gross, petitioned for a mandamus to compel the Sheriff to make deeds. As it was incumbent on the petitioner to show a clear right to have deeds executed, the Court held that if the sale was only voidable, the mandamus could not be granted. Hence they say: "It is unnecessary to say whether such a sale would be void on general principles." But they add: "We incline to think that such a sale ought to be regarded as fraud on the debtors, and therefore void." After citing many authorities to show that such sales are at least voidable, they refused the mandamus on that ground. But the Court say they "are prepared to go farther," and then they refer to and comment on the provisions of the Code securing to debtors the right " to redeem the whole, or any separate and distinct parcels of the land sold." And they conclude

that the statute must be construed to require, as a condition of the validity of the sale, that each distinct parcel shall be put up and sold by itself."

The soundness of this conclusion is strongly illustrated in the case before us. The debt is about $975. The seven-acre lot lying south of Nashville is shown to be worth from $1,700 to $2,000. The lot in controversy in Edgefield is worth $400 or $500; both lots are sold together for $975, and the debtor fails to redeem. The fact that the debtor has failed to redeem is now relied on as evidence of acquiesence on his' part. It seems to us rather to furnish evidence that he was unable to redeem both tracts, and being cut off by the sale in gross from redeeming separately, he was unable to redeem at all. We therefore concur in the conclusion arrived at in the case of *Winters & Cross* v. *Burford*, and are of opinion that the charge of the Circuit Judge is substantially correct. The judgment is affirmed.